IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BRACKFIELD & ASSOCIATES PARTNERSHIP, a/k/a BRACKFIELD & ASSOCIATES, G.P., and EUGENE BRACKFIELD, JR.<br><br>Plaintiffs,<br><br>v.<br><br>BRANCH BANKING AND TRUST COMPANY<br><br>Defendant. | No. 3:14-cv-PLR-HBG<br>JURY DEMANDED<br>Reeves/Guyton |

## [proposed] AGREED PROTECTIVE ORDER

The parties, by and through counsel, submit this Agreed Protective Order.

1. Information produced by the parties that they claim contains confidential personal and/or trade secret information hereafter shall be referred to as **"Protected Documents."** The parties agree that they have a reasonable basis to claim confidentiality protection. When used in this Protective Order, the word "documents" means all written material, videotapes, recordings, and all other tangible items. Except as otherwise indicated below, the aforementioned documents marked "Pursuant to Protective Order," "Confidential," "Protected," or designated by Bates number as being produced subject to a protective order that are produced or delivered by Defendant to Plaintiff or Plaintiff's counsel and/or by Plaintiffs to Defendant or Defendant's counsel shall be Protected Documents and given confidential treatment as described below. The parties will visibly mark all Protected Documents **"Pursuant to Protective Order," "Confidential," "Protected,"** or designate the Bates numbers of the documents being produced

1

subject to this Protective Order. The parties will not obscure or cover any information on the documents when marking the documents.

2. Both the Protected Documents and the information contained therein (unless obtained by the parties or their counsel from a source other than the adverse parties or their agents, representatives, or employees, current or former) shall be treated by all parties as confidential. If there is a disagreement regarding designation of any documents as Protected Documents subject to this Protective Order, counsel for the party who disagrees with the designation shall notify counsel for the other party in writing of the disagreement. If, after making a good faith effort to resolve any such disagreement, the parties cannot agree upon which documents and/or information is protected by the Protective Order, the disagreement shall be resolved by filing an appropriate motion with the Court. The documents subject to this Protective Order, even though protected, may be distributed, shown, and disseminated to the following persons:

    (a) The parties and their counsel of record in this case, including other members of counsel's law firm and any other associated counsel of record that assists in the preparation or trial of this case;

    (b) Employees of the parties' counsel or of associated counsel who assist in the preparation or trial of this case;

    (c) Experts and consultants retained by Plaintiffs or Defendant for the preparation or trial of this case;

    (d) The Court, the Court's staff, the Court Clerk, the Clerk's staff, and the jury in this case;

    (e) Witnesses and potential witnesses;

    (f) Mediator(s), if any, who mediate this litigation;

    (g) Arbitrator(s), if any, who arbitrate this litigation; and

    (h) Court reporter(s), if any, used in this case, except as otherwise provided herein.

3. Before giving access to any of the Protected Documents or the information contained therein, each person described in paragraph 2(c), 2(e), 2(f), and 2(g) above shall be advised of the terms of this Protective Order, and persons described in paragraph 2(c) shall sign a copy of this Protective Order agreeing to be bound by its terms.

4. To the extent that Protected Documents or information contained therein are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Protective Order, however, they may be shown to witnesses being deposed, the court reporter transcribing the deposition testimony, and/or videographer recording the deposition testimony after apprising them of the provisions of this order. To the extent that the Protected Documents or information contained therein are provided to witnesses or potential witnesses for use in the taking of depositions, the Protected Documents and information contained therein shall remain subject to the conditions of this order. The burden of informing the witness of the requirements of this order will be on the party offering the document. If either party believes that further instruction is necessary, such party will apprise the witness at that time.

5. This Protective Order shall not apply to the disclosure of Protected Documents or the information contained therein through the receipt of Protected Documents into evidence or through the testimony of witnesses at the time of hearing or trial. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the parties pursuant to Rule 26.2(b) of the Local Rules of the United States District Court for the Eastern District of Tennessee.

3

Case 3:14-cv-00524-PLR-HBG Document 26-1 Filed 06/18/15 Page 3 of 5 PageID #: 186

6. Upon execution by counsel, this Protective Order shall be binding upon the parties hereto and their attorneys, successors, executors, personal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or the other persons or organizations over which they have control.

7. Plaintiffs' counsel and Defendant's counsel agree that documents produced pursuant to this Protective Order may be used in the instant litigation, but such use does not constitute a waiver by Plaintiffs or Defendant of any objections to the documents, including but not limited to admissibility.

8. At the conclusion of the instant litigation by appeal or otherwise, each party shall return to the other party all information and documents produced and designated as "Confidential" or Protected Documents pursuant to this Protective Order within thirty (30) days of a written request for return of the documents, or notify the other party that the information and documents have been destroyed. Information and documents produced and designated as "Confidential" or Protected Documents pursuant to this Protective Order, including any electronic versions thereof, are to remain subject to this Protective Order and may not be used in any other litigation.

**I HAVE READ THIS PROTECTIVE ORDER AND AGREE TO BE BOUND BY ITS TERMS**

Signature: _____  Date: _____

Print Name: _____

IT IS SO ORDERED.

        Signed this _____ day of _____, 2015.

                                                      _____

AGREED TO AND APPROVED:

**FRANTZ, McCONNELL & SEYMOUR, LLP**

By:    s/Matthew A. Grossman
Matthew A. Grossman (BPR # 022107)
Taylor D. Forrester (BPR #027228)
P.O. Box 39
Knoxville, TN 37901
(865) 546-9321
mgrossman@fmsllp.com
tforrester@fmsllp.com

*Attorneys for Plaintiffs*

**BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, P.C.**

By:    s/Summer H. McMillan
Richard B. Gossett (BPR # 001686)
Summer H. McMillan (BPR # 020296)
265 Brookview Centre Way
Suite 600
Knoxville, TN 37919
(865) 549-7000
dgossett@bakerdonelson.com
smcmillan@bakerdonelson.com

*Attorneys for Defendant*

5