UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

Brackfield & Associates Partnership )
a/k/a Brackfield & Associates, G.P., )
and Eugene Brackfield, Jr., )
 )
   *Plaintiffs*, )
 ) Case No. 3:14-cv-524-PLR-HBG
v. )
 )
Branch Banking and Trust Company, )
 )
   *Defendant*. )

# MEMORANDUM OPINION

This matter comes before the Court on the Defendant, Branch Banking And Trust Company's (BB&T) motion to dismiss [R. 14], pursuant to the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Brackfield Plaintiffs filed a Complaint alleging five theories of recovery against BB&T: (1) violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, (2) violation of the Gramm-Leach-Bliley Act 15 U.S.C. § 6801, *et seq.*, (3) violation of the Tennessee Financial Records Privacy Act, Tenn. Code Ann. § 45-10-101, *et seq.*, (4) violation of the Right to Financial Privacy Act (the "RFPA"), and (5) breach of contract under state law. [R. 1]. Plaintiffs' response to Defendant's motion conceded that claims under theories 1, 2, and 3 are subject to dismissal, and narrowed the remaining claims to theories (4) and (5) above, *i.e.*, violation of the RFPA and breach of contract. [R. 18].

1

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), BB&T alleged that the Brackfield Plaintiffs cannot state a claim for which relief can be granted under the RFPA, because BB&T did not disclose the Brackfield Plaintiffs' information to a Government authority. [R. 14]. BB&T does not seek to dismiss the breach of contract claim directly but takes the position that if the RFPA claim is dismissed, there would be no remaining federal issues in question, and the Court should decline to exercise supplemental jurisdiction over any remaining state claims. [R. 14].

## STATEMENT OF FACTS

Brackfield & Associates Partnership is a general partnership consisting of five or fewer partners. Eugene Brackfield, Jr., ("Buddy"), is the general partner. Each is a customer of BB&T, a financial institution, pursuant to 12 U.S.C. §§ 3401, *et seq.* In the course of their relationship, BB&T issued Brackfield an open line of credit on the condition that Brackfield occasionally provide BB&T with detailed information about its financial condition, including spreadsheets of Brackfield's assets and liabilities. The line of credit between the parties is memorialized by, among other documents, a loan agreement. At the request of BB&T, Buddy Brackfield later executed a Security Agreement providing that certain non-real property assets of Brackfield would stand as collateral for the loaned funds.

On March 8, 2011, BB&T filed a UCC financing statement (the "2011 UCC") with the Tennessee Secretary of State, showing a complete listing of the assets and liabilities of Brackfield. One week later, BB&T recorded the same UCC financing

2

statement with the Knox County Register of Deeds. This filing showed, among other things, a complete listing of the assets and liabilities of Brackfield. Neither the Knox County Register of Deeds nor the Tennessee Secretary of State is a "Government authority" for the purposes of 12 U.S.C. § 3401(3), since the statute refers only to Federal authorities. Brackfield asserts that upon BB&T recording the 2011 UCC with the Register of Deeds, the 2011 UCC became a public record to which the entire world, including any and all Government agencies or authorities, had free and open access.

Shortly after discovering that the 2011 UCC purported to encumber assets beyond those to which the parties agreed, Brackfield notified BB&T of the errors. BB&T responded by filing an amended UCC financial statement (the "2013 UCC") with the Secretary of State. On March 22, 2013, BB&T also recorded the 2013 UCC with the Register of Deeds. Brackfield asserts that this recording, like the 2011 UCC, contained unredacted financial records not incident to the perfection of a security interest in any of the real property described therein.

Brackfield asserts that BB&T breached contracts relating to the line of credit by recording the UCCs with the Register of Deeds. The Plaintiffs also claim that BB&T's actions violated the RFPA and that they are entitled to not only the statutory penalty provided by the RFPA, but also actual damages.

## STANDARD OF REVIEW

A motion to dismiss for lack of standing requires the plaintiff to bear the burden of proving that the court has subject-matter jurisdiction. *America's Collectibles Network v. Genuine Gemstone Co.*, 2015 U.S. Dist. LEXIS 53209, *3 (E.D. Tenn. Apr. 23, 2015). To establish standing, the plaintiff must prove each of three elements: (1) the plaintiff "has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) "the injury is fairly traceable to the challenged action of the defendant"; and (3) "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000).

In evaluating a motion to dismiss for failure to state a claim, the Court must construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the plaintiff's claim that would entitle plaintiff to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.) *cert. denied*, 498 U.S. 867 (1990). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

# DISCUSSION

## A.  Right to Fianancial Privacy Act

BB&T argues that since it did not disclose the Plaintiffs' information directly to a "Government authority," the Plaintiffs have no claim under the RFPA.  The Court agrees.

The RFPA was enacted in response to a pattern of Government abuse in the area of individual privacy and was intended to protect the customers of financial institutions from unwarranted intrusion into their records while at the same time permitting legitimate law enforcement activity by requiring federal agencies to follow established procedures when seeking a customer's financial records.  *Neece v. IRS,* 922 F.2d 573, 575 (10th Cir. 1990).   The RFPA seeks to strike a balance between the customers' right of privacy and the need of law enforcement agencies to obtain financial records pursuant to legitimate investigations.  *Id.*

Under the RFPA, the Government may have access to, or obtain copies of, information contained in a customer's financial records from a financial institution only if the customer authorizes the disclosure, the Government obtains an administrative or judicial subpoena or summons, or the records are sought pursuant to a search warrant or formal written request. *See* 12 U.S.C. § 3402.  Further, the financial institution may not release the requested financial records until the Government "certifies in writing to the financial institution that it has complied with the applicable provisions" of the RFPA, including notice to the customer of the existence of the subpoena, summons, search

5

warrant, or request; the nature of the Government's inquiry; and permitting the customer sufficient time to respond to the notice. *Id.* §§ 3403(b), 3405–08.

The RFPA also restricts disclosure of customers' financial records by financial institutions themselves. Financial institutions may not provide "any Government authority access to or copies of, or the information contained in, the financial records of any customer...." *Id.* § 3403(a). One exception has been provided: A financial institution may notify a Government authority if it believes it has "information which may be relevant to a possible violation of a statute or regulation." *Id.* § 3403(c). In such a case, the financial institution may provide only the customer's name or other identifying information and the nature of the suspected illegal activity. *Id.*

The problem for Plaintiffs is that taken in its totality, their Complaint does not allege that any of their financial information was disclosed to the Government. To establish an injury in fact, and thus, a personal stake in this litigation, Plaintiffs need only establish that their information was obtained by the Government. *See Sierra Club v. Morton*, 405 U.S. 727, 734-35 (1972) (the "injury in fact" test requires that the party seeking review be himself among the injured). Here, however, Plaintiffs have not made any showing that the Government is now, or ever was, in possession of their financial information. *See Am. Civil Liberties Union v. Nat'l Sec. Agency,* 493 F.3d 644, 677 (6th Cir. 2007) (explaining that because "plaintiffs do not, and cannot, assert that any of their own communications have ever been intercepted" plaintiffs lack

6

standing to challenge the National Security Agency's Terrorist Surveillance Program on Fourth Amendment grounds). The Plaintiffs' Complaint does not allege a concrete and particularized injury. It is premised upon conjecture and requires the kind of speculation that the Supreme Court has prohibited. It would be purely "hypothetical" to surmise that Plaintiffs' financial information has been disclosed or accessed by any Government agency.

Moreover, although the Plaintiffs allege injuries because of BB&T's actions (including a tarnished credit score and lost value in their property), these damages do not flow from the RFPA violation, which prohibits granting access *to the Government*. To meet the causation requirement for standing, "[T]here must be a causal connection between the injury and the conduct complained of." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In this case, the conduct "complained of" is that BB&T violated the RFPA by improperly filing the UCC statements with the Secretary of State and the Register of Deeds. Even if we assume that the disclosure, did, in fact, cause actual injury to the Plaintiffs, it is not even alleged that damage resulted from BB&T granting Government authorities with access. Thus, the very basis of the RFPA claim did not result in these injuries. The injuries alleged in the complaint are the result of private parties, not the Government, having access to the information. These damages may have a causal connection to the breach of contract claim, but they do not flow from a RFPA violation. Therefore, BB&T's position that the Brackfield Plaintiffs cannot claim an

actual injury as it relates to the RFPA is well-taken, and their claim for violation of the RFPA is **DISMISSED, with prejudice.**

B.  **State Law Claim for Breach of Contract**

The Court has supplemental jurisdiction over Plaintiffs' breach of contract claim pursuant to 28 U.S.C. § 1367(a).  Section 1367(a) provides that a district court in its discretion, may decline to exercise supplemental jurisdiction over a supplement claim under § 1367(a) if the district court has dismissed all claims over which it has original jurisdiction.  Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claim for breach of contract.  The breach of contract claim is **DISMISSED, without prejudice.**

## CONCLUSION

Accordingly, and for the reasons stated herein, the Defendant's motion to dismiss [R. 14] is **GRANTED**

_____
**UNITED STATES DISTRICT JUDGE**

8

Case 3:14-cv-00524-PLR-HBG   Document 28   Filed 09/04/15   Page 8 of 8   PageID #: 201